# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALFAMODES LOGISTICS LIMITED LIABILITY COMPANY,** | : : : | **CIVIL ACTION** |
| **Plaintiff,** | : : | |
| v. | : : | |
| **CATALENT PHARMA SOLUTIONS, LLC,** | : : : : | **NO. 09-3543** |
| **Defendant.** | : | |

## MEMORANDUM

G ENE  E.K. P RATTER , J.                                                                      A PRIL  25, 2011

On April 15, 2011, the Court held a hearing on the Plaintiff/Third-Party Defendants' Motion for Sanctions Against East Coast Transportation and Logistics, LLC, Daniel Latta, and Steve Lieb (Docket No. 84) and thereafter issued an Order denying the Motion without prejudice to re-file a motion on the same or similar basis (Docket No. 90) once necessary predicates have been met. Now before the Court is the Plaintiff/Third-Party Defendants' Petition for Contempt Against Daniel Latta, Steve Lieb and East Coast Transport and Logistics, LLC (Docket No. 91) which raises facts and issues akin to those raised in the prior Motion (Docket No. 84) and discussed, but unresolved, at the April 15, 2011 hearing.

The Court denies the new Petition (Docket No. 91) because Plaintiff/Third-Party Defendants (hereinafter, the "AlfaModess Parties") have failed to demonstrate they have satisfied the requirements of Fed. R. Civ. P. 45 for properly serving a subpoena on a nonparty to the litigation. Unless the three nonparties, East Coast and Messrs. Latta and Lieb, have been properly served subpoenas, they cannot be held in contempt of the Court or subject to sanctions.[1] The

---

[1] *See* Fed. R. Civ. P. 45(e) ("The issuing court may hold in contempt a person who, *having been served*, fails without adequate excuse to obey the subpoena." (emphasis added)).

"longstanding interpretation of Rule 45 has been that personal service of subpoenas is required. The use of the word 'delivering' in subdivision (b)(1) of the rule with reference to the person to be served has been construed *literally*." 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2454 (emphasis added).[2] Accordingly, notwithstanding the undoubtedly frustrating experiences, the AlfaModess Parties' considerable and numerous efforts, as recounted in the Petition, to deliver the subpoenas, reach the nonparties by telephone, and contact the nonparties' former legal counsel do not amount to personal service under Fed. R. Civ. P. 45, because the nonparties have not obtained possession or control of the subpoenas by receiving, in effect or actuality, the subpoenas in-hand.[3]

Contrary to the AlfaModess Parties' unsupported contentions, the process servers' multiple *attempts* at service of the subpoena —unsuccessful reportedly due to the nonparties' and their associates' repeated refusals to allow the server to consummate actual delivery to the nonparties named—do not constitute personal service under the Rule and applicable case law. Likewise, evidence that indicates that at least some of the nonparties are aware of the existence of the subpoenas and attempts to serve such subpoenas does not satisfy Fed. R. Civ. P. 45. Furthermore, the AlfaModess Parties have failed to demonstrate through evidence and argument whether they

---

[2] *See also New Jersey Bldg. Laborers' Statewide Benefit Funds v. Gen. Civil Corp.*, Civil Action No. 08-6056, 2009 WL 2778313, at *2 (D.N.J. Sept. 1, 2009) (finding that Fed. R. Civ. P. 45(b)(1) mandates that "[s]erving a subpoena requires delivering a copy to the named person"); *Whitmer v. Lavida Charter, Inc.*, Civ. A. No. 91-0607, 1991 WL 256885 (E.D. Pa. Nov. 26, 1991) ("Personal service is required. Unlike service of a summons and complaint, 'it is not sufficient to leave a copy of the subpoena at the dwelling place of the witness.'" (citing Wright & Miller, *supra,* § 2461)).

[3] Arguably, the motivating purposes for having Fed. R. Civ. P. 45's form, content, and other requirements for a subpoena would be defeated if a named party on a subpoena did not obtain possession or control of the subpoena so as to be able to read it.

have appropriately served East Coast, a business entity, pursuant to Fed. R. Civ. P. 45.[4]

However, the Court recognizes that there is some authority within the Third Circuit and other circuits that certified mail, independently or in conjunction with other manners of service, may under some circumstances satisfy the service requirements under Fed. R. Civ. P. 45.[5] While this may be a minority-held position among the federal courts, the AlfaModess Parties have provided no occasion for the Court to consider the merits or applicability of such an argument here, nor does it appear from the record that the AlfaModess Parties have attempted to deliver the subpoenas by certified mail.[6] It does appear, however, that those parties are hoping that the Court will do both their research and their advocacy on this point. To do so would be inappropriate even

---

[4] Some federal courts have applied Fed. R. Civ. P. 4(h) in determining whether service was proper upon a corporation pursuant to Fed. R. Civ. P. 45. *See, e.g., In re Motorsports Merch. Antitrust Litig.*, 186 F.R.D. 344 (W.D.Va.1999); *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, Nos. C-04-3955, C-05-1605, 2009 WL 4258550 (N.D. Cal. Nov. 24, 2009); Wright & Miller, *supra*, § 2454. The AlfaModess Parties have not raised this issue for the Court's consideration, and as such, the Court does not reach any conclusions on whether and to what extent that Fed. R. Civ. P. 4(h) is applicable in this matter or whether compliance with that Rule's somewhat more flexible options should be permitted here due to the apparent recalcitrance of the nonparties to be served.

[5] *See, e.g., New Jersey Bldg. Laborers' Statewide Benefit Funds v. Torchio Bros.*, Civil Action No. 08-552, 2009 WL 368364, at *2 (D.N.J. Feb. 11, 2009) ("Certified mail serves the same purpose as Rule 45(b) which is to 'mandate effective notice to the subpoenaed party, rather than slavishly adhere to one particular type of service.'" (citation omitted)); *Bd. of Sapphire Bay Condos. West v. Simpson*, Civil Action No. 04-62, 2010 WL 2521088, at *2 (D.V.I. June 18, 2010) ("Pursuant to Rule 45's language, the Rule requires personal service of a subpoena. . . . [and] '[e]ven if ... Rule 45 does not restrict the manner of service of a subpoena to personal service, the cases so holding have limited alternative service to that permitted under Rule 4 and have not extended it to email or facsimile.'"); *Halawani v. Wolfenbarger*, No. 07-15483, 2008 WL 5188813, at *3 (E.D. Mich. Dec. 10, 2008) (recognizing that service of a subpoena by certified mail "may assure proper delivery" for purposes of Fed. R. Civ. P. 45); *Cartier v. Geneve Collections, Inc.*, No. CV 2007-0201, 2008 WL 552855, at *1 (E.D.N.Y. Feb. 27, 2008) (recognizing that alternative forms of service may be permissible under Rule 45 "if [the service] is designed to reasonably insure the actual receipt of the subpoena by the witness", and that the courts that have "sanctioned alternatives means of service" have done so "only after the plaintiff had diligently to attempted to effectuate personal service and presented proof [of such]"); *Hall v. Sullivan*, 229 F.R.D. 501, 506 (D. Md. 2005) (finding "no reason to require in-hand delivery of subpoenas [duces tecum]—so long as the service is in a manner that reasonably ensures actual receipt of the subpoena by the witness").

[6] The AlfaModess Parties suggest that it is incumbent on the witness named on a subpoena to "come forward and establish that he was never validly served." Pet. at 4. To the extent such an argument constitutes an invitation by the AlfaModes Parties for the Court to exercise its power to enforce a subpoena over nonparties to the litigation first, without proper service of the subpoena to the nonparties established on the record, and then for the nonparties later to raise their objections to service, the Court must decline.

though, as referenced above, the Court is not unmindful of the frustration this issue has caused the AlfaModess Parties.

For the foregoing reasons, the Court denies the Petition without prejudice. An Order consistent with this Memorandum follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge