IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALFAMODESS LOGISTICS, LLC, : | | CIVIL ACTION |
|     Plaintiff and Counter Defendant, : | | |
| : | | |
| v. : | | |
| : | | |
| CATALENT PHARMA SOLUTIONS, : | | |
| LLC, : | | NO.  09-3543 |
|     Defendant and Counter Claimant, : | | |
| : | | |
| v. : | | |
| : | | |
| MARK ODESSA, et al., : | | |
|     Third Party Defendants. : | | |

### MEMORANDUM

PRATTER, J.                                                                                                         APRIL 26, 2013

AlfaModess Logistics, LLC ("AlfaModess") is suing Catalent Pharma Solutions, LLC ("Catalent") for breach of contract, unjust enrichment, and fraud.  Catalent has filed a counterclaim against AlfaModess and two individuals, Mark Odessa and Stephan Narewski, for conversion, fraud, unjust enrichment, and conspiracy.  On January 4, 2012, Albert Saltz and Matthew Matkov, counsel for AlfaModess and Messrs. Odessa and Narewski, filed a motion to withdraw because their clients owe them almost $100,000 in unpaid legal fees.  At a hearing held on April 24, 2013 and attended by Messrs. Odessa and Narewski and counsel, moving counsel, as officers of the court, suggested generally that there were also other, unspecified reasons that the lawyers and clients are irrevocably at odds with each other.  For the reasons that follow, the Court grants the pending motion to withdraw.

### I.  Factual Background and Procedural History

On August 4, 2009, Catalent removed AlfaModess's breach-of-contract suit to this Court based on diversity jurisdiction.  In its complaint, AlfaModess claimed that Catalent failed to pay

1

it for its services as a transportation broker. On May 26, 2010, AlfaModess filed a motion to amend its complaint. The proposed amended complaint added a count for intentional interference with contractual relations, based on allegations that Catalent was telling its customers that they did not need to pay the invoices that AlfaModess was sending them. The complaint also included a count for fraud, based on an allegation that Catalent had promised AlfaModess that it would help AlfaModess collect payments from Catalent's customers. The Court subsequently granted the motion to amend, and AlfaModess filed its amended complaint on August 6, 2010.[1]

On June 1, 2010, Catalent filed a counterclaim against AlfaModess. Catalent subsequently filed a separate suit against two individuals named Mark Odessa and Stephan Narewski. According to these complaints, Mr. Narewski was the shipping supervisor for Cardinal Health, Catalent's predecessor, and he used a company called East Coast Transport as Catalent's transportation broker. In August 2006, Mr. Narewski allegedly instructed East Coast to send its invoices to AlfaModess rather than directly to Cardinal. AlfaModess then allegedly increased the dollar amount of the invoices and sent them to Cardinal. When the invoices arrived at Cardinal, Mr. Narewski approved them and Cardinal's accounting department paid them based on his approval. Mr. Odessa is allegedly the sole shareholder and employee of AlfaModess, and Mr. Narewski rents a duplex owned by Mr. Odessa.

On September 15, 2010, Catalent filed a motion to consolidate its suit against AlfaModess with its suit against Mr. Odessa and Mr. Narewski. The Court subsequently granted the motion to consolidate.

---

[1] On October 24, 2011, AlfaModess sought leave to amend its complaint, remove its claim for intentional interference with contractual relations, and add a claim for unjust enrichment. The motion was subsequently granted as unopposed.

On October 5, 2010, Ralph Friedman, counsel for AlfaModess, Mr. Odessa, and Mr. Narewski (collectively, the "AlfaModess Parties"), filed a motion to withdraw because he believed that Mr. Odessa and Mr. Narewski might face criminal liability, and that a conflict existed between representing them and representing AlfaModess in its affirmative suit. The Court granted the motion to withdraw and entered a new scheduling order after Mr. Saltz and Mr. Matkov entered their appearance on behalf of the AlfaModess Parties in December 2010.

On March 25, 2011, the Court entered its Sixth Amended Scheduling Order. The Order set a dispositive motions deadline of May 16, 2011. On May 16, Catalent filed a motion for partial summary judgment as to AlfaModess's claims for fraud and intentional interference with contractual relations. That same day, Mr. Odessa and Mr. Narewski filed a motion for summary judgment as to Catalent's claims against them, and AlfaModess filed a motion for summary judgment as to Catalent's claims against it.

On January 4, 2012, Mr. Saltz and Mr. Matkov moved to withdraw as counsel for the AlfaModess Parties. In their motion, Messrs. Saltz and Matkov claimed that the AlfaModess Parties stopped paying their legal fees in May 2011, and that they now owe approximately $100,000 to counsel.[2] The motion also noted that discovery had ended and dispositive motions had been filed, thereby allowing any new counsel to pick up the case without having to brief any motions for summary judgment. On January 30, 2012, the AlfaModess Parties notified the Court that they opposed the motion to withdraw. The Court held its first hearing on the motion to withdraw on February 8, 2012, and Messrs. Odessa and Narewski attended the hearing. The Court subsequently placed the case into suspense so that the parties could have a settlement conference with Senior Judge Thomas O'Neill. After the settlement conference failed to resolve

---

[2] At the Court's most recent hearing, counsel represented that the indebtedness has since increased due to their receipt of additional costs.

the dispute, the Court held a second hearing on the motion to withdraw on April 24, 2013. Having held two hearings and considered the papers filed by the various counsel and parties, the Court is now ready to decide the motion to withdraw.

## II. Legal Standard

Under this District's Local Rules of Civil Procedure, an "attorney's appearance may not be withdrawn except by leave of court, unless another attorney of this court shall at the same time enter an appearance for the same party." Local R. Civ P. 5.1(c). Whether to permit an attorney to withdraw must be determined with reference to the underlying purpose of Local Rule 5.1, which includes "ensuring effective court administration." *See Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676, 679 (3d Cir. 1986); *see also Carter v. City of Phila.*, No. 98-2903, 2000 WL 537380, at * 1 (E.D. Pa. Apr. 25, 2000); *Greene v. Rubin*, No. 95-2415, 1995 WL 723188, at * 1 (E.D. Pa. Dec. 5, 1995). In adjudicating an attorney's motion to withdraw, the Court should consider: (i) the reasons withdrawal is sought; (ii) the prejudice withdrawal may cause to the litigants; (iii) the harm withdrawal might cause to the administration of justice; and (iv) the degree to which withdrawal will delay resolution of the case. *See Carter*, 2000 WL 537380, at *1; *Greene*, 1995 WL 723188, at *1.

## III. Discussion

Given the history of this case, the Court will grant the motion to withdraw based on the factors discussed in *Greene* and *Carter*. First, Messrs. Saltz and Matkov have provided compelling reasons for their motion to withdraw. In their motion, counsel state that their clients have failed to pay over $95,000 in legal fees.[3] In *Erie Molded Plastics, Inc. v. Nogah, LLC*, No.

---

[3] The AlfaModess Parties agree that they owe Messrs. Saltz and Matkov nearly $100,000 in unpaid fees. *See* Docket No. 126 at 12:6-7. Notwithstanding some discussions between the

4

12-2058, 2013 U.S. App. LEXIS 5991 (3d Cir. Mar. 26, 2013), the Third Circuit Court of Appeals held that a district court abused its discretion in denying a motion to withdraw. *Id.* at *6. The motion was filed by an attorney who represented a corporate defendant and was owed more than $5,000 in fees and expenses. *Id.* at *2. The Third Circuit Court of Appeals noted that withdrawal would either force the corporate defendant to obtain licensed counsel or be subject to default judgment,[4] and the court emphasized that neither of these outcomes would prejudice the plaintiff. *See id.* at *7; *see also* Pennsylvania Rule of Prof'l Conduct 1.16(b)(5-6) (permitting withdrawal if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled" or if "the representation will result in an unreasonable financial burden on the lawyer"). Here, the AlfaModess Parties owe far more than $5,000 to Messrs. Saltz and Matkov, and counsel thus have especially compelling financial reasons to withdraw from this matter.

Second, withdrawal will not unduly prejudice any of the litigants in this case. The AlfaModess Parties have known for more than 15 months that their attorneys wished to withdraw from this case, and they have thus had ample time to resolve their differences or to begin the process of identifying replacement counsel. Moreover, while the AlfaModess Parties claim that withdrawal will prejudice them, their current counsel already briefed the dispositive motions in this case, thus minimizing the prejudice to them because granting the motion to withdraw will

---

lawyers and clients, no payments have been made on this outstanding amount. The clients and the lawyers do not agree as to the meaning of the engagement letter between them.

[4] "It is well-settled in the Third Circuit that corporations cannot represent themselves pro se." *See Young Chul Kim v. Sharon Hanna Preschool & Acad.*, No. 11-5797, 2012 U.S. Dist. LEXIS 184307, at *4 (D.N.J. Nov. 29, 2012).

not force the AlfaModess Parties to find a new lawyer to write summary judgment or *Daubert* motions.[5]

Finally, granting the instant motion should not harm the administration of justice or overly delay resolution of the case. As set forth more fully in the accompanying Order, the Court will hold the pending motions for summary judgment in abeyance pending trial and will schedule a bench trial in this matter for Monday, October 21, 2013. Given the constraints of its schedule, the Court would not hold a bench trial at an earlier date even if Messrs. Saltz and Matkov remained as counsel in this case. Therefore, the AlfaModess Parties will have ample time to find new counsel before the commencement of trial, and the trial will not be delayed by their search for counsel.[6]

## IV. Conclusion

For the foregoing reasons, the pending motion to withdraw is granted.

An Order consistent with this Memorandum follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

---

[5] To the extent that withdrawal could prejudice Catalent, the Court notes that Catalent does not object to the Court granting the motion to withdraw. *See* Docket No. 126 at 10:19-21. Indeed, Catalent is in no less prejudiced position than it has been while counsel has been nominally but not substantially involved, *i.e.*, Catalent is in no better and no worse a position with opposing counsel's departure.

[6] As noted above, AlfaModess cannot represent itself in this litigation. Therefore, the Court's accompanying Order requires AlfaModess to retain an attorney by September 2, 2013. In the meantime, all parties may proceed in their respective interests to prepare this case for its conclusion.